IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| CHARLES RICE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CV 321-004 |
| TIM WARD, Commissioner; DIRECTOR ) | |
| SHEPPARD; JERMAINE WHITE, Warden; ) | |
| DEPUTY WARDEN WICKER; DEPUTY ) | |
| WARDEN KEITH; and DEPUTY WARDEN ) | |
| BEASLEY, ) | |
| ) | |
| Defendants. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate at Telfair State Prison ("TSP") in Helena, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's requests to proceed IFP be **DENIED**, (doc. nos. 2, 5), motion for appointment of counsel be **DENIED AS MOOT**, (doc. no. 3), and this action be **DISMISSED** without prejudice.

**I.     BACKGROUND**

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or

appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Id. at 721-27.

## II. DISCUSSION

### A. Dismissal Is Warranted Because Plaintiff Has Three Strikes Under § 1915(g)

A review of Plaintiff's history of filings reveals he has brought at least three cases that were dismissed as frivolous or for failure to state a claim and count as strikes: (1) Rice v. Jones, CV 414-018 (S.D. Ga. July 28, 2014) (dismissing for failure to state a claim); (2) Rice v. Heap, et al., CV 413-079 (S.D. Ga. Apr. 3, 2013) (dismissing for failure to state a claim); and (3) Rice v. Baker, et al., 1:04-CV-03474-TWT (N.D. Ga. Nov. 9, 2005) (dismissing for failure to state a claim); see also Rice v. Freesemann, et al., CV 420-212 (S.D. Ga. Oct. 20, 2020) (dismissing for three strikes under § 1915(g)); Rice v. Jones, et al., CV 414-018 (S.D. Ga. July 28, 2018) (dismissing for three strikes under § 1915(g)). Because Plaintiff has at least three strikes, he cannot proceed IFP unless he can demonstrate he qualifies for the "imminent danger

of serious physical injury" exception to § 1915(g).  Mitchell v. Nobles, 873 F.3d 869, 873 (11th Cir. 2017).

### B.    Plaintiff Does Not Qualify for the Imminent Danger Exception

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint.  Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999).  On December 9, 2020, Plaintiff, along with eight other inmates, submitted one, eight-page, handwritten complaint pursuant to 42 U.S.C. § 1983, generally alleging unsafe prison conditions at TSP.  (Doc. no. 1.)  Recognizing the improper attempt to join multiple inmates as plaintiffs in one lawsuit, United States District Judge Dudley H. Bowen, Jr., dismissed the multi-plaintiff case and directed the Clerk to open nine separate cases.  See Coleman et al. v. Ward, CV 320-079, doc. no. 22 (S.D. Ga. Feb. 1, 2021).

Here, the complaint generally alleges unlawful customs and policies at TSP create a "constant ongoing imminent danger of serious physical injury."  (Doc. no. 1, p. 3.)  The complaint then describes instances of alleged violence, none of which personally concern Plaintiff.  Plaintiff's allegations do not demonstrate he "faced 'a present imminent danger.'"  Daker v. United States, 787 F. App'x 678, 681 (11th Cir. 2019) (*per curiam*) (citing Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004)).  General or conclusory allegations are "insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury."  Sutton v. Dist. Attorney's Office, 334 F. App'x 278, 279 (11th Cir. 2009) (*per curiam*) (citing Brown, 387 F.3d at 1350).

Therefore, Plaintiff fails to demonstrate he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's requests to proceed IFP be **DENIED**, (doc. nos. 2, 5), and this action be **DISMISSED** without prejudice. Because Plaintiff is not entitled to proceed with this case, the Court also **REPORTS** and **RECOMMENDS** his motion for appointment of counsel be **DENIED AS MOOT**. (Doc. no. 3.) If Plaintiff wishes to proceed with the claims raised in this case, he should be required to initiate a new lawsuit, which would require submission of a new complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO REPORTED and RECOMMENDED this 23rd day of February, 2021, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

4